IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,521-03






EX PARTE BRIAN EDWARD FRANKLIN, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. C-2-009964-0569160-C 

IN THE CRIMINAL DISTRICT COURT NO. 2

FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to life imprisonment. The Second Court of Appeals affirmed his
conviction. Franklin v. State, No. 02-95-084-CR (Tex. App.--Fort Worth Oct. 18, 1996)
(unpublished).

 Applicant contends that his right to due process was violated due to the complainant's
perjured testimony, which also caused other witnesses to give false testimony. The trial court initially
made findings concluding that Applicant's claims are barred as subsequent and should be denied,
but those findings were rescinded at a later date. In Applicant's first writ proceedings, the trial court
found, among other things, that the complainant perjured herself. See Ex parte Franklin, 72 S.W.3d
671 (Tex. Crim. App. 2002) (deciding that actual innocence claims require evidence affirmatively
proving innocence). 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Chabot, 300
S.W.3d 768 (Tex. Crim. App. 2009); Ex parte Chavez, 371 S.W.3d 200, 207 (Tex. Crim. App.
2012). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall hold a live hearing and, at a minimum, hear testimony from the complainant. 

 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law addressing Applicant's
false evidence claims and arguments that false evidence deprived him of due process at the guilt
phase and sentencing. The trial court shall make specific findings concerning the credibility of the
complainant's live testimony. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories and the transcription of the court reporter's notes from the hearing and
any deposition, along with the trial court's findings of fact and conclusions of law, shall be
forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: March 12, 2014

Do not publish